**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **NATHAN ANTOINE, Inmate #N-40028,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 07-453-DRH** |
| ) | |
| **ROGER E. WALKER, JR.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Before the Court is Plaintiff's motion for appointment of counsel (Doc. 3). However, until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, this request is premature. Therefore, the motion for appointment of counsel is **DENIED** without prejudice. Once the Court has completed that preliminary review, Plaintiff may renew his request at that time.

Plaintiff has also filed a motion seeking injunctive and declaratory relief (Doc. 4). He first asks for issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter at this time.

Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

In the alternative, Plaintiff seeks issuance of a preliminary injunction. In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

As for declaratory relief, under the Declaratory Judgment Act, federal courts have the power to make declarations regarding "the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Specifically, a party may "seek a declaration of the constitutionality of [a] disputed governmental action before potentially uncompensable damages are sustained." *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 71 n. 15 (1978). Federal courts, however, may not exercise this power unless there exists between the parties an "actual case or controversy" as required for federal courts to establish jurisdiction in Article III of the constitution. *See Deveraux v. The City of Chicago*, 14 F.3d 328, 330-31 (7th Cir. 1994). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be

upon a hypothetical set of facts." *Id.* at 331, (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

At this point in the litigation, Defendants have not yet been served with the complaint, and service will not occur until after the Court has completed a preliminary review of the complaint. *See* 28 U.S.C. § 1915A. Furthermore, applying the standards above to the allegations in the motion, the Court finds that injunctive and declaratory relief are not warranted at this time. Therefore, this motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED: July 6, 2007.**

/s/    David    RHerndon
**DISTRICT JUDGE**