IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NATHAN ANTOINE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **07-453-DRH-CJP** |
| ) | |
| **ANTHONY RAMOS, et al.**, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge**:

Before the Court is plaintiff's Motion to Compel Discovery from the Defendants. **(Doc. 40)**. Defendants filed a response at **Doc. 42.**

Plaintiff asks the Court to order defendants to produce the documents sought in requests numbers 1, 4, 6 and 7 of his first set of requests to produce.

Request number 1 seeks all routine shakedown log book entries from the North One Cellhouse from September 7, 2005. Defendants responded that they are not in possession of responsive documents, and that their counsel has been informed by the IDOC that "there are no log books for shakedowns performed within North One Cellhouse on September 7, 2005." **See, Doc. 42, Ex. B**. The Court cannot compel defendants to produce documents that do not exist. The motion to compel is denied as to this request.

In number 4, plaintiff asks for all disciplinary reports or complaints made against defendants Ramos, Bradley and Robertson for retaliation or harassment, as well as "false disciplinary reports" written by them. Defendants objected that such documents are not relevant and would not be likely to lead to the discovery of admissible evidence. The Court agrees. The fact that another inmate may have complained about defendants on some other occasion would not tend to prove that defendants retaliated against plaintiff on the dates alleged by him.

1

Defendants' objections are sustained.

Request number 6 seeks sanitation log book entries concerning cleaning of the North One Cellhouse for the month of April, 2005.  Plaintiff's claim regarding the conditions of confinement in the North One Cellhouse was dismissed on preliminary review.  **See, Doc. 8.**  The requested documents would have no relevance to the pending claims.  In any event, defendants have responded that they are not in possession of responsive documents, and that their counsel has been informed by the IDOC that there are no such log books.  The motion is denied as to request number 6.

Lastly, in request number 7, plaintiff seeks personal property log book entries which would reflect whether an inmate who informed guards that plaintiff possessed contraband, leading to the allegedly retaliatory cell shakedown, was loaned state property in return.  Defendants objected any such documents would be irrelevant and would not be likely to lead to the discovery of admissible evidence.  Whether or not a "confidential informant" was rewarded for tipping off guards as to contraband possessed by plaintiff would not tend to prove that defendants acted with a retaliatory motive in shaking down plaintiff's cell.  The motion is denied as to request number 7.

For the reasons explained above, plaintiff's Motion to Compel Discovery from the Defendants **(Doc. 40)** is **DENIED in all respects**.

**IT IS SO ORDERED.**

**DATE:  May 19, 2010.**

>                         s/Clifford J. Proud
>                         CLIFFORD J. PROUD
>                         UNITED STATES MAGISTRATE JUDGE